## BRIGHTMAN vs. KIRNER.

*Taxation.*—*Railroad property*—*R. S., chap.* 18, *sec.* 183—*Repeal of provisions of city charter by general laws*—*Chap.* 66, *Laws of* 1859.

1. Under sec. 2, chap. 74, Laws of 1854, (R. S., chap. 18, sec. 183,) a railroad company of this state which has paid to the state treasurer the required per centage of its gross earnings in any year, holds its real estate exempt from special assessments for local improvements, as well as from all other taxes.

2. Sec. 22, chap. 10, of the charter of the city of Milwaukee, (passed in 1852,) provided that real estate exempted from taxation by the laws of the state should be subject to special taxes, as other real estate, under the charter. Sec. 23 declares that "no general law of this state contravening the provisions of this act, shall be considered as repealing, amending or modifying the same, unless such purpose be expressly set forth in such law." *Held*, that the provision of sec. 22 is nevertheless modified by the act of 1854, so as to exempt railroad property in Milwaukee from such special assessments, although the act of 1854 does not expressly refer to said section, the intention of the legislature to exempt such property being sufficiently manifest.

3. One legislature cannot bind another as to *the mode* in which it shall exercise its constitutional power of repeal or amendment.

4. Whether the city of Milwaukee could assess the property of railroad companies for local improvements *after*, chap. 66,.Laws of 1859, took effect, is not here decided.

APPEAL from the Circuit Court for *Milwaukee* County. Ejectment, for lots in the city of Milwaukee. Plaintiff claimed under tax deeds on sales made by the city treasurer for the non-payment of special taxes or assessments for local improvements in said city. The facts admitted, and relied on as a defense, are stated in the first two sentences of the opinion, *infra*. The plaintiff appeals from a judgment of nonsuit.

*I. P. Walker*, for appellant, relied upon secs. 22 and 23, chap. 10, of the charter of Milwaukee (recited in the second paragraph of the opinion), and contended that chap. 74, Laws of 1854, should not be regarded as repealing said § 22. Smith's Comm., §§ 757–8; *Mitchell v. Halsey*, 15 Wend., 241; *Canal Co. v. R. R. Co.*, 1 Gill and J., 6; *Nichols v. Bertram*, 3 Pick., 344; *Vinton v. Welch*, 9 id., 87; 4 Gilm., 264; 5 Mass., 380; 5 Hill, 221; 3 Bibb, 180; 2 Pick., 176; 20 id., 410; 24 id., 297; 1 Wis., 513. See also *Supervisors, etc. v. Whitewater*, 17 Wis., 193; *City of Janesville v. Markoe*, 18 id., 350. The true object of the law of 1854 may be supposed to have been to relieve the companies from paying

taxes and assessments in all the counties, towns and school districts through which they pass, and not to relieve them from the duty of making needful improvements, like other owners of real property, in the few cities through which their tracks lie; and thus reasonably construed, the two acts *may* stand together. They should not, therefore, be held to conflict, and the former to be repealed, against the interest of the public, and in favor of a private corporation. Smith's Comm., sec. 504. 2. In 1860, in consequence of the doubts then existing as to the constitutionality of the act of 1854, two acts were passed (chaps. 173 and 174), one " exempting certain property therein named from taxation," the other " regulating railroads." The first, after absolutely exempting railroad property " from taxation *for any purpose whatever*," and declaring that " it shall not be lawful to assess or impose taxes upon any property before named," contains this proviso : " That all the property herein before mentioned shall be subject to special assessments for local improvements, within cities and incorporated villages." The second requires railroad companies to obtain a license for operating their respective roads, and to pay the state treasurer therefor one per cent. of the gross earnings of such roads. These two acts together covered the same subject matter as the act of 1854, were passed from the same motive, and to accomplish the same purpose. " Whenever it can be gathered from a subsequent statute *in pari materia*, what meaning the legislature attached to the words of a former statute, this will amount to a legislative declaration of its meaning, and will govern the construction of the first act." Smith's Comm., §§ 642–3. See also *Morris v. Mellen*, 6 B. and C., 454 ; 7 id., 99. 3. The act of 1854 was embodied in §§ 182–3, chap. 18 of the Revised Statutes of 1858. Sec. 14, chap. 191, R. S., as amended by chap. 66, Laws of 1859, declares that " all laws contained in this revision of the

statutes shall apply to and be in force and effect in every city in this state, so far as the same are applicable and *not inconsistent with the charter of any such city.*" If the provisions of said secs. 182–3, chap. 18, are so interpreted as to apply to assessments for city improvements in Milwaukee, they are inconsistent with the charter of that city, and therefore, by said sec. 14, chap. 191, as amended, have no force or effect in that city.

*Brown & Pratt,* for respondent, argued that the act of 1854 expresses clearly the intention of the legislature to exempt railroad property from taxes and assessments of every kind; that one legislature cannot bind another as to the *mode* of exercising its power of repeal (*Kellogg v. City of Oshkosh,* 14 Wis., 623); that the effect of the act of 1854 upon the power of the city to levy special assessments on railroad property did not depend upon the language of repealing acts passed in 1858 or 1859; that the power being gone from the city under the act of 1854, was not revived by the language of the general repealing act of 1858, as amended by chap. 66, Laws of 1859; and that this latter chapter is in effect repealed by ch. 91, Laws of 1859.

The following opinion was filed at the January term, 1867:

COLE, J. It was admitted on the trial by the plaintiff, that the premises mentioned in the complaint belonged to the LaCrosse & Milwaukee Railroad Company, at the several times when the same were assessed and sold for special taxes by the city of Milwaukee, from 1855 to 1859, inclusive; and that the premises adjoined the track of the road of the company when the taxes or special assessments were levied. Further, it was admitted that the railroad company had fully complied on its part with sec. 2, chap. 74, Laws

of 1854, by paying to the state treasurer, for the use of the
state, the per centage there required. The circuit court
nonsuited the plaintiff, upon the ground that, as the prem-
ises belonged to a railroad company, they were exempt from
special taxes or assessments for local improvements in the
city of Milwaukee, at the several times the assessments were
made, by virtue of this law of 1854, which is now found in
the present revision, ch. 18, sec. 183. If this be a correct view
of the law of 1854, it is quite manifest that it disposes of
this case. That part of the law of 1854 more directly bear-
ing upon this question of exemption, reads as follows:
" Which amount of tax shall take the place and be in full
of all of the taxes of every name and kind upon said roads,
or other property belonging to said companies, or the stock
held by individuals therein, and it shall not be lawful to
levy or assess thereupon any other or further assessment or
tax for any purpose whatsoever." That is, by the clear and
precise terms of this law it is provided, that each railroad
corporation organized in this state shall annually pay one
per cent. of the gross earnings of its road into the state
treasury for the use of the state, and this shall take the place
of and be in full of all the taxes of every name and kind
upon the road or other property belonging to it, and no
further tax or assessment for any purpose whatsoever upon
the road or its property shall be lawful. It appears to us
that this language is too plain and unequivocal to admit of
doubt or argument as to the intention of the legislature.
The law absolutely and positively exempts the road and the
property belonging to the corporation from all taxes and
assessments of every nature. A very elaborate argument
has been made by the counsel for the plaintiff, for the pur-
pose of showing that this is not the precise object and intent
of this law, and that notwithstanding the very clear manner
in which the legislature has expressed its intention, still it

is possible to hold that property belonging to a railroad corporation in the city of Milwaukee-is liable to assessment for local improvements. But to give this law any such interpretation, as it seems to us, would be doing violence to one of the most familiar elementary rules of construction. For, say the authorities, the first general maxim of interpretation is, when the words of an act are in clear and precise terms—when its meaning is evident and leads to no absurd conclusions, there can be no reason for refusing to admit the meaning the words naturally present, and to go elsewhere in search of conjecture in order to restrict or extend the act. To do this would be but to evade the law, and to adopt a method fraught with the most dangerous consequences; since there is no law, however definite and clear in its language, which might not by such a rule of interpretation be defeated. Dwarris on Statutes, p. *703; Smith's Commentaries, 627, 628. The object of the legislature in passing this enactment is plain and manifest; and we cannot, therefore, put a construction on it not warranted by the words of the law. It was to exempt the property of railroad corporations from all assessments for local improvements as well as other taxes.

But it is insisted that this cannot be the effect of this act so far as the city of Milwaukee is concerned, on account of some peculiar provisions of the city charter. By sec. 22, chap. 10, charter of 1852, it is provided that real estate exempted from taxation by the laws of the state, shall be subject to special taxes as other real estate under the charter; while the next section declares that "no general law of this state contravening the provisions of this act, shall be considered as repealing, amending or modifying the same, unless such purpose be expressly set forth in such law." Now it is said, there is no purpose expressly set forth in the law of 1854, to repeal, amend or modify these provisions of

the city charter; neither is there any reference whatever to them in that law. This is so. But to our minds nothing can be more clear than that the legislature intended the law of 1854 to apply in all respects to the city of Milwaukee as well as to the other towns and cities of the state. And where this intention is so plain and manifest, it must prevail. The law cannot be restricted in its operation, if we are satisfied it was designed to apply to Milwaukee, because the legislature has not said in so many words it should repeal all contravening provisions of the charter. A law may be repealed by implication as effectually as in any other manner. It is very obvious that the legislature of 1852 could not limit a succeeding legislature to any certain form in exercising its legislative functions. Indeed we cannot better express our minds upon this point than by quoting the language of the counsel for the respondent. " One legislature cannot be bound by the the acts of another as to the mode in which it shall exercise its constitutional powers. No clog can be thrown in its way, and no form can be presented for its action, which the constitution does not prescribe. If the legislature has the power to pass a law, and does pass it, expressing an intention as to what the rule shall be, courts cannot reject the evident intention because a certain formula of words was not used." It appears to us that this is a perfectly conclusive answer to the argument that the law of 1854 cannot and does not apply to the city of Milwaukee, because the legislature did not express its intentions in a particular manner that the law should apply in all respects to that city.

We think the nonsuit was rightly granted by the circuit court, because the premises, being the property of a railroad corporation, were exempt from special taxes or assessments for local improvements.

*By the Court.*—The judgment of the circuit court is affirmed.

A motion by the appellant for a rehearing was denied at the September term, 1867.

COLE, J. It is claimed, on the motion for a rehearing, that the plaintiff was entitled to recover on the last tax deed offered in evidence. It is said that the effect of ch. 66, Laws of 1859, was to render railroad property within the city of Milwaukee, liable to special assessments. Assuming, for the purposes of the argument, that this was so, still it does not appear *when* the special taxes were levied, for the non-payment of which the land was sold on the 17th day of January, 1860. If they were levied before the law of 1859 went into operation, then manifestly that enactment can have no bearing upon the question. And because it does not appear that the special taxes were levied after the law of 1859 took effect, we do not consider the question so fully discussed by the counsel for the plaintiff, on the motion for a rehearing, before us. It therefore need not be further noticed.

*By the Court.*—Motion denied.