First Division of the St. Paul & Pacific Railroad Company *vs.* City of St. Paul.

May 14, 1875.

Assessments for Local Improvements—Exemption.—Under the charter of this company, which exempts its property (other than its land grant) from all assessments and taxes whatever, by the territory or future state, or by any county, city, town, village, or other municipal authority in the territory or state, its property held by it for the purposes of its railroad is not subject to assessments for local improvements.

The land involved in this case, which is situate in the city of St. Paul, was assessed by the proper municipal authorities for benefits conferred upon it by the grading of

Rosabel street in that city, and the usual proceedings were instituted by the city, in the court of common pleas for Ramsey county, to obtain a judgment against the land for the amount of the assessment. The First Division of the St. Paul & Pacific Railroad Co. appeared in court, claiming that it was the owner of the land, that it occupied and used the same for the purposes of its railroad, that the land formed no part of the company's land grant, that the company had paid into the state treasury all sums required by law in lieu of taxes and assessments, and that the land was therefore exempt from all taxes and assessments whatsoever, including the assessment then sought to be enforced against it. At the trial, before *Hall*, J., the company proved its corporate existence, its ownership and operation of the railroad authorized by its charter and all the other facts alleged by it as the grounds of its objection to the assessment. The court, however, decided that the land was not exempt, and ordered judgment against the land for the amount of the assessment, to which ruling the company duly excepted. A bill of exceptions was allowed, and judgment having been entered in accordance with the order of the court, the company removed the case to this court by *certiorari*.

*Bigelow, Flandrau & Clark*, for plaintiff in error.

*W. A. Gorman* and *H. J. Horn*, for defendant in error.

GILFILLAN, C. J.   The charter under which this company holds its franchises and property, by § 18, provides: "In consideration of the grants, privileges and franchises herein conferred on the Minnesota & Pacific Railroad Company, the said company shall and will, on or before the first day of March in each year, pay into the treasury of the territory or future state three per centum of the gross earnings of the said railroad for the year ending on the last day of the preceding December, in lieu of all taxes and assessments whatever. * * * The first payment shall be made on the first day of March next after fifty miles of said railroad shall be completed, and such payment shall be in lieu of all taxes, and in full of all claims of the territory or state for

the grant hereby made ; and in consideration of such annual payments, the said company shall be forever exempt from all *assessments* and taxes whatever by the territory, or state which shall succeed the territory, or by any county, city, town, village, or other municipal authority in the territory or state, upon all stock in the said Minnesota & Pacific Railroad Company, whether belonging to said company or to individuals, and upon all its franchises or estate, *real*, personal, or mixed, held by said company ; and said land granted by said act of Congress, hereby authorized to be conveyed to the said Minnesota & Pacific Railroad Company, shall be exempt from all *taxation* till sold and conveyed by said company." Laws 1857, ex. sess., ch. 1, § 18. Under this section the question arises, are the lands of the company, not coming to it through the congressional land grant, but held and used by it for the specific purpose of maintaining and operating its railroad, subject to be assessed by the local authorities, to defray the expenses of local improvements?

Though the levying of such assessments must rest for its authority upon the taxing power, they are held not to be necessarily included in, or covered by the word " taxes " or " taxation," these words being generally held to refer only to those burdens which are imposed for the general purposes of the government.

In this section both words are used, " taxation " and " assessment." The latter word has been employed in two different senses, sometimes as expressing the appraisement or valuation of the property, and entering it on the lists for the purposes of taxation ; and sometimes as indicating the charge or special tax imposed on the land, as its portion of the expense of a benefit conferred by a local improvement. *Hines* v. *City of Leavenworth*, 3 Kans. 186.

In this instance the word is manifestly employed in the latter sense. We must presume, unless the contrary appears, that the legislature intended that it should have some effect. "A statute ought, upon the whole, to be so construed, that, if it can be prevented, no clause, sentence or

word should be superfluous, void or insignificant." Potter's Dwarris on Statutes, 110.

To construe the word as intended merely to exempt the property from the acts of appraisement or valuation, etc., would make it redundant, for the property is necessarily exempted from those acts by its exemption from all taxes; and to give the word any effect or force in the clauses, "in lieu of all taxes and assessments whatever," and "shall be forever exempt from all assessments and taxes whatever," it must be held to mean something not included in, or effected by, the word "taxes," some burden additional to what would be expressed by the latter word. That the legislature so understood the word "assessments," is rendered certain by the last clause of the section, that referring to the exemption of the granted lands. Without that clause, those lands would have been exempted, so long as they were the lands of the company, to the same extent as any of its property. The only office of the clause is to take them, unless, possibly, so far as they might be used for railroad purposes, out of the exemption previously provided, and establish for them a rule of exemption differing from the general and sweeping one already laid down, and for that purpose the clause provides that they shall be exempt, not from "all assessments and taxes whatever," but only from "taxation."

There was, undoubtedly, in the mind of the legislature, a very obvious reason for making a distinction between those lands and the other property of the company, and for providing that while the lands should be exempt only from general taxes, the other property should be exempt both from general, and extraordinary or special taxes. It was expected that the mass of those lands were to be held for sale by the company, and sold when its interest required it; and when located in any city, town, or village, and held for sale for the general purposes of city, town or village property, and when increased in value by local improvements, the company would be benefited, as the other owners of similar

34

property, to the extent of the increase in value.  In such case, the benefit would be a benefit with reference to the purpose for which the company held the lands.  But although the property of the company held by it solely for the purpose of maintaining and operating its railroad, might, if it could be offered for sale for general business purposes, be regarded as more valuable by reason of adjacent local improvements, its actual value to the company, as railroad property, would not necessarily, nor indeed generally, be enhanced by improvements of that kind.  Such increase in value would be no benefit to the company, for it could not use the property, as a railroad, to any greater advantage in consequence of such increase.

We have no doubt that the legislature employed the word " assessments " in this section, to express the public burdens indicated by the word when used in that sense, and with intent to exempt the property held by the company, like that involved in this case, for the legitimate purposes of its railroad, not only from all general or ordinary taxes, but from all local, special or extraordinary taxes or charges. The judgment below is reversed.