AUGUST TERM, 1879.    91

The Fire Department of the City of Oshkosh vs. Tuttle.

The Fire Department of the City of Oshkosh vs. Tuttle.

*December 17, 1879 — January 7, 1880.*

*Taxation of Insurance Companies — Implied repeal of statutes.*

The general law regulating the payment by insurance companies doing business in any city or village of this state, of a tax consisting of two per cent. of their premiums (ch. 56 of 1870, amended by ch. 299 of 1873), operated to repeal all special provisions of city and village charters on that subject.

APPEAL from the Circuit Court for *Winnebago* County.

Plaintiff appealed from an order sustaining a demurrer to the complaint.   The case is stated in the opinion.

*H. B. Jackson*, for the appellant.

The cause was submitted for the respondent on the brief of *Finch & Barber*.

ORTON, J.   This action is brought against the defendant as the agent of certain foreign and domestic fire insurance companies doing business in the city of Oshkosh, to recover the two per cent. of premiums received for insurance under the provisions of chapter 56, Laws of 1870, as amended by chapter 299, Laws of 1873.   By the charter of the city, found in chapter 501, P. & L. Laws of 1868, this tax is to be paid by foreign insurance companies only, and on premiums received on business done within the city, and to the city treasurer. The general law authorizes the tax to be paid to the treasurer of the fire department by the agents of both foreign and domestic fire insurance companies doing business in any city or village of the state.

The only question raised by the demurrer to the complaint is, whether these provisions of the general insurance law apply to and are in force in the city of Oshkosh, to the exclusion of the provisions of the city charter upon the same subject; or, in other words, whether the general law repeals these provisions of the city charter.   The general law and the charter, in these respects, cannot stand together without imposing a double tax, and prescribing different and conflicting modes of collecting it.   We think there is abundant reason for holding that all special provisions of city and village charters relating to this subject are repealed by the general law.

*First.*   The general law upon this subject has application only to cities and villages; and as many, if not most, of the cities and villages of the state are incorporated, and have special provisions upon this subject, the general law could have but very limited force and effect if it did not repeal and supersede such special provisions.

*Second.*   The general law embraces both foreign and do-

mestic fire insurance companies, and imposes a tax upon all of the business done by their agents, both in and without the city or village.

*Third.* The general law prescribes a uniform tax and mode of collection, in place of the uncertain, partial and various provisions of city and village charters.

*Fourth.* All insurance companies, both foreign and domestic, may be presumed to have notice of the provisions of the general law, when such a presumption in respect to the various provisions of city and village charters might work injustice by surprise.

*Fifth.* The same objects, and to a fuller extent, are secured by the general law.

*Sixth.* Chapter 299, Laws of 1873, repeals all conflicting provisions.

*Seventh.* In addition to these apparent reasons of convenience, uniformity and public policy, the general law contains a full *revision* of the whole subject, and this alone would warrant the inference of a repeal of all conflicting provisions upon the same subject. *Lewis, Gov., v. Stout et al.,* 22 Wis., 234; *Oleson v. Green Bay & L. P. Railway Co. et al.,* 36 Wis., 383.

*By the Court.* — The order of the circuit court sustaining the demurrer to the complaint is reversed, with costs, and the cause remanded for further proceedings according to law.