THE PRESIDENT, ETC., OF THE VILLAGE OF PLATTEVILLE VS. McKERNAN.

*February 11 — March 14, 1882.*

MUNICIPAL ORDINANCES: Selling liquors without license. *(1) When prosecution cannot appeal in action for violation of municipal ordinance. (2) Charter provisions superseded by general law.*

1. When a city or village ordinance prohibits that which is a crime or misdemeanor and punishable at common law or by statute, and prescribes a penalty for its violation by fine, with imprisonment on default of payment, the action to recover such penalty is *quasi* criminal, and cannot be brought to this court on the plaintiff's appeal.

2. The general law of this state on the subject of licensing the sale of intoxicating liquors, and making their unlicensed sale punishable as a misdemeanor (first enacted as ch. 179 of 1874), operated to repeal the provisions of then existing municipal charters upon that subject, excepting in the three particulars expressly excepted by the statute, to wit: the disposal of license moneys, the term of license and the jurisdiction of municipal courts.

APPEAL from the Circuit Court for *Grant* County.

The plaintiffs appealed from a judgment in favor of the defendant.

The case is stated in the opinion.

For the appellants there was a brief by *W. H. Beebe*, their attorney; with *Carter & Cleary*, of counsel, and oral argument by *Wm. E. Carter*.

For the respondent there was a brief by *Bell & Murphy*, and oral argument by *Mr. Bell*

ORTON, J. This is an action of debt to recover the penalty prescribed by an ordinance of said village, passed January 20, 1879, for selling intoxicating liquors without first having obtained a license therefor, according to the provisions of said ordinance restraining the sale of such liquors and requiring such license. The authority for passing an ordinance on this subject is found in the charter of said village in subd. 2 of

section 22, ch. 63, P. & L. Laws of 1861, which gives to the president and trustees of said village the power "to restrain any person from vending, giving or dealing in spirituous, intoxicating, alcoholic, malt, mixed, fermented or vinous liquors, unless duly licensed by them." Objection was made to the introduction of any evidence under the complaint, because it did not state facts sufficient to constitute a cause of action, and such objection was sustained and the action dismissed, and this appeal is from such judgment of dismissal.

The first question to be considered is the appealability of this judgment. It is contended by the learned counsel of the respondent, that it is not appealable, because it is a *quasi* criminal action. With other authorities cited, we are referred to a late decision of this court in the case of the *City of Boscobel v. Bugbee*, 41 Wis., 59, which appears to be in point. The city appealed from the judgment of the circuit court dismissing the action on the ground that the plaintiff had failed to comply with the terms of a continuance of the cause. The action was brought to recover the penalty prescribed by an ordinance of the city, made "for the protection of the public peace," and the complaint was for "fighting and threatening to fight." It was held in that case, in the language of the present chief justice, that "the action being *quasi* criminal, it could not be brought to this court by appeal;" that "the statute regulating and governing appeals to this court refers to civil actions only;" and that "the decisions upon the bastardy act are strictly in point on this question of practice;" citing *State v. Mushied*, 12 Wis., 561, and *State v. Jager*, 19 Wis., 235. The charter of that city provided that on the non-payment of the fine and costs for the violation of ordinances of that kind, the defendant should be imprisoned in the county jail until such fine and costs were paid. In that case it will be observed that the acts complained of as a violation of the city ordinance constituted an assault and battery, or an assault, both at common law and by statute, and the

penalty was fixed by statute. So, in this case, the act complained of as a violation of the village ordinance was also a misdemeanor and punishable by statute; and by the ordinance, in default of the payment of the judgment for the penalty, or any part thereof, the defendant was to be imprisoned in the common jail not exceeding thirty days. These analogies are sufficient to show that there is no distinction between the two cases in any respect affecting the appealability of the judgment.

This appeal must, therefore, be dismissed by the authority of that case. But it is proper to say that neither that case nor this goes any further than to decide that where a city or village ordinance prohibits that which is a crime or misdemeanor, and punishable at common law or by statute, and prescribes a penalty for its violation by a fine, and, conditionally, imprisonment, the action to reoover such penalty is *quasi* criminal, and cannot be brought to this court by appeal on behalf of the plaintiff.

Two very important questions were very ably discussed by the learned counsel on both sides, — one of which was, whether it is within the province of a municipal corporation to pass ordinances upon the same subject matter of criminal statutes, with the same or different penalties; and the other, whether the general laws of the state on the subject of licensing the sale of intoxicating liquors, and making the sale thereof without license punishable as a misdemeanor, repeals by implication the existing provisions of city and village charters embracing the same matters, as a revision of the whole subject. The first question is one of too much importance, and subject to too great a conflict of authority, to be decided in a case not appealable to this court, and when the decision might be regarded as *obiter*. The other question has been so frequently decided by this court that it is not an open one for discussion, when the analogy between this case and those decided so clearly appears. The general law, chapter 179,

Laws of 1874, clearly operated to repeal all of the provisions of city and village charters then existing on the subject of licensing the sale of intoxicating liquors, and of the punishment for selling the same without license, by being a complete revision of the whole subject. The title of the act is expressive of this design: "An act to consolidate and codify the various laws of our state relating to excise and the sale of intoxicating liquors."

Section 23 makes such design still more apparent by providing that "the provisions of this law shall apply to the whole state and every part thereof," with only three distinct exceptions: (1) Towns, cities, and villages may dispose of the license moneys as they see fit. (2) Cities and villages may fix the term for which any licenses shall be granted. (3) The act shall not interfere with or change the jurisdiction of any municipal or police court. These exceptions, by force of the maxim *expressio unius exclusio alterius*, clearly imply the repeal of all other provisions not thus excepted. This general law makes the selling of intoxicating liquors without license a misdemeanor, punishable by a fine of not less than ten nor more than forty dollars, besides costs, or in lieu of such fine by imprisonment in the county jail of the proper county not exceeding sixty days, nor less than twenty; and in case of the non-payment of the fine and costs forthwith, the defendant is to be imprisoned in said jail until such fine and costs are paid, or until discharged by due course of law.

The charter of the village is in conflict with the general law in other respects relating to this subject.

The following authorities in this court are conclusive of this question: *Brightman v. Kirner*, 22 Wis., 54; *Lewis, Gov., v. Stout*, id., 234; *Burlander v. Mil. & St. P. Railroad Co.*, 26 Wis., 76; *Moore v. Superior & St. Croix Railroad Co.*, 34 Wis., 174; *Oleson v. Green Bay & L. P. Railway Co.*, 36 Wis., 383; *Bohlman v. Green Bay & M. Railway Co.*, 40 Wis., 157; *Fire Dept. of Oshkosh v. Tuttle*, 48 Wis., 91.

In passing upon this question we may adopt the language of the opinion in *Boscobel v. Bugbee, supra:* "We felt it our duty to briefly express our views upon the question discussed by counsel, although the appeal must be dismissed for the reason just given."

*By the Court.*— The appeal is dismissed.