## THE DISTRICT OF COLUMBIA

### *v.*

## SISTERS OF THE VISITATION OF WASHINGTON.

#### TAXATION; SPECIAL ASSESSMENTS.

1. An incorporated educational institution in this District having no object of private gain is, under the Act of Congress of June 17, 1870 (16 Stat. 153), exempting certain property from "any and all taxes or assessments, national or municipal or county," and subsequent acts extending exemptions, exempt from special assessments for local improvements, as well as from general taxes.

2. The act of June 17, 1870 (16 Stat. 153), the object of which is to exempt certain classes of property from all taxes on property to which they would otherwise be subject, is not repealed by the Act of Congress of August 7, 1894 (28 Stat. 243), the object of which is to provide a system for making local improvements, the objects of the two acts being essentially different.

No. 896.  Submitted October 5, 1899.  Decided October 25, 1899.

HEARING on an appeal by the District of Columbia from a decree in equity canceling an assessment against the property of the complainant, an educational institution, for a proportion of the cost of a local improvement.    *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. A. B. Duvall,* Attorney for the District of Columbia, and *Mr. Clarence A. Brandenburg,* Assistant Attorney, for the appellant:

1. The abandonment of the right to levy special assessments or local assessments ought not to be presumed in a case in which the deliberate purpose of the State to abandon does not appear; nor unless the intention to relinquish is declared in clear and unambiguous terms; nor unless the language employed leaves no other alternative; nor is it to be inferred from uncertain phrases or ambiguous terms. And such immunity or limitation must be clear beyond a reasonable doubt; and the language under which the exemption is claimed must be clear and unmistakable, not doubtful or ambiguous. Nothing can be taken against the State by presumption or inference, and such exemptions are not to be extended beyond the exact and express requirements. This rule is imperative, that a relinquishment of the taxing power is never to be presumed, nor unless granted in terms too plain to be mistaken, and a well-founded doubt is fatal to the claim. No claim of exemption can be sustained unless within the express letter or necessary scope of the exempting clause. 12 Am. & Eng. Encyc. L. (2d Ed.) 288; *Bank* v. *Billings*, 4 Pet. 514; *Railroad Co.* v. *Maryland*, 10 How. 376; *Railroad Co.* v. *Maguire*, 20 Wall. 46; *Insurance Co.* v. *Debolt*, 16 How. 416; *Minot* v. *Railroad Co.*, 18 Wall. 206; *Hoge* v. *Railroad Co.*, 99 U. S. 348; *Railroad* v. *Wright*, 116 U. S. 231; *Pickard* v. *Railroad*, 130 U. S. 637; *Bailey* v. *Maguire*, 22 Wall. 215; *Hoge* v. *Railroad Co.*, 99 U. S. 348; *Gas Co.* v. *Taxing District*, 109 U. S. 398; *Railroad Co.* v. *Dennis*, 116 U. S. 665; *Railroad Co.* v. *New Orleans*, 143 U. S. 192; *People* v. *Cook*, 148 U. S. 397–409; *Sturges* v. *Carter*, 114 U. S. 511; *Railroad Co.* v. *Berry*, 112 U. S. 609; *Tennessee* v. *Whitworth*, 117 U. S. 139; *Chicago RR. Co.* v. *Missouri*, 120 U. S. 569; *Railroad Co.* v. *Alsbrook*, 146 U. S. 279; *Winona Co.* v. *Minnesota*, 159 U. S. 526–529; *Bank* v. *Tennessee*, 161 U. S. 134–146; *Phoenix Co.* v. *Tennessee*, 161 U. S. 174; *Bank* v. *Tennessee*, 163 U. S. 416; *Ford* v. *Delta Co.*, 164 U. S. 662–666; *Railroad Co.* v. *Dist. of Col.*, 3 MacA. 122; *Alexandria Co.* v. *Dist. of Col.*, 1 Mack. 217; *Buchanan*

v. *County Comrs.*, 47 Md. 286; *County* v. *Railroad Co.*, 47 Md. 592; *County* v. *Sisters of Charity*, 48 Md. 34; *State* v. *Wilson*, 52 Md. 641; *Layor* v. *Grand Lodge*, 60 Md. 282.

2. The property mentioned in the bill is not entitled to the exemption claimed because such exemption is not within the meaning of the words " taxes or assessments " as used in the statute under which the claim is made. *State* v. *Mayor*, 35 N. J. L. 157 ; *Mayor* v. *City*, 7 Md. 535 ; *United States* v. *Fisk*, 3 Wall. 445 ; *Dumont* v. *United States*, 98 U. S. 142.

The words " taxes and assessments," or " taxes or assessments," as those words are used in legislative enactments pertaining to taxation in this jurisdiction, do not generally mean special or local assessments for the local improvement of property.

3. Exemption from taxation does not release the property so exempted from liability for assessments for local improvements. *Ford* v. *Delta Co.*, 164 U. S. 662 ; *Railroad Co.* v. *Decatur*, 147 U. S. 200 ; *Mayor* v. *City*, 7 Md. 517 ; *Dolan* v. *Mayor*, 4 Gill, 399; 12 Am. & Eng. Encyc. L., (2d Ed.) 312.

4. Congress may direct the whole or a part of the expense of a public improvement to be assessed upon owners of abutting land in the District of Columbia. *Dist. of Col.* v. *Wormley*, *ante*, p. 58 ; *Parsons* v. *Dist. of Col.*, 170 U. S. 45 ; *Bauman* v. *Ross*, 167 U. S. 589 ; *Willard* v. *Presbury*, 14 Wall. 676 ; *Mattingly* v. *Dist. of Col.*, 97 U. S. 687.

5. The statutory exemption in this case from any and all taxes or assessments, national or municipal, can be repealed by Congress, and is a mere bounty or gratuity, and not a contract. *Welch* v. *Cook*, 7 Otto, 541 ; *Manufacturing Co.* v. *East Saginaw*, 13 Wall. 373 ; *Tucker* v. *Ferguson*, 22 Wall. 527 ; *Railroad Co.* v. *Supervisors*, 3 Otto, 595 ; *Church* v. *Railroad Co.*, 24 How. 300 ; *Railroad Co.* v. *Dist. of Col.*, 3 MacA. 122–136.

6. The Act of Congress under which the exemption is claimed, and the Act of Congress approved August 7, 1894,

under which this special assessment was levied, are repugnant to each other; and the latter repeals the former act, especially in view of the repealing clause contained in the latter act. *Welch* v. *Cook,* 7 Otto, 541; *Bailey* v. *Maguire,* 22 Wall. 215.

*Mr. Geo. E. Hamilton, Mr. M. J. Colbert* and *Mr. John J. Hamilton* for the appellee:

1. Applying to the statute in this case the rule of strict construction (for exemption statutes, like penal statutes, are to be strictly construed), the words are so plain, so clear in their meaning, that an exemption from such assessments, as well as from general taxation must follow. The rule does not require that statutes of this nature should be so strictly construed as to defeat the obvious intention of the legislature. *United States* v. *Wiltberger,* 5 Wheat. 95; Potter's Dwarris on Statutes, 193–96; *Millard* v. *Lawrence,* 16 How. 251; *Everett* v. *Mills,* 4 Scott (N. C.), 531; *State* v. *Newark,* 36 N. J. L. 478; *Emery* v. *Gas Co.,* 28 Cal. 346.

A large number of cases in line with the foregoing are to be found in the 25th Am. & Eng. Encyc. L., p. 161, note. In Pennsylvania it has been often held that exemption from taxation was an exemption from special assessments. *Cemetery Co.* v. *Philadelphia,* 93 Pa. St. 129; *Erie* v. *Church,* 105 Pa. St. 278; *Philadelphia* v. *Church,* 136 Pa. St. 207. In Minnesota it has been held that the words from " all taxation and assessment whatever," carried exemption from local or special assessment. *Railroad Co.* v. *St. Paul,* 21 Minn. 526; *St. Paul* v. *Railroad Co.,* 23 Minn. 469; *State* v. *St. Paul,* 36 Minn. 529. And a similar rule obtains in Wisconsin. *Brightman* v. *Kirner,* 22 Wis. 54.

2. The exemption from special assessment contained in the act of 1870 was not repealed by the act of August 7, 1894. On repeal by implication, see *McCoal* v. *Smith,* 1 Black, 459; *Wood* v. *United States,* 16 Pet. 342; Potter's Dwarris Stat. 155, notes 4 and 5; *Gowen* v. *Harley,* 12

U. S. App. 574; *Magone* v. *King,* 1 U. S. App. 26; *Mayor* v. *Magruder,* 34 Md. 382; 41 Barb. 92; *Williams* v. *Pritchard,* 4 Term Rep. 2.

Mr. Justice SHEPARD delivered the opinion of the Court:

1. This is an appeal from a decree of the Supreme Court of the District canceling an assessment made against the property of the appellee, the Sisters of the Visitation of Washington, for a proportion of the cost of a local improvement, and enjoining the District of Columbia and its officers from hereafter assessing the same.

The hearing was on a demurrer to the bill, the allegations of which are: That the complainant, an incorporated educational institution having no object of private gain, is the owner of Sublot 1, in Square 162, of the city of Washington, whereon its buildings are situated; that by Act of Congress of June 17, 1870, it was exempted from the payment of all taxes and assessments whatsoever, and until the acts hereinafter complained of this exemption had been fully recognized; that the District of Columbia now claims that the exemption aforesaid is from general public taxes and does not apply to assessments for local improvements made under authority of Congress; that pursuant to said claim the District has assessed against the aforesaid property of complainant the sum of $371.14 as its proportion of the cost of constructing a curb and sidewalk adjacent thereto; that complainant made no request for said improvement, had no notice of the order for its construction, and gave no consent thereto; that notwithstanding its exemption from said charge the same has been assessed against said property, and unless restrained the defendant will proceed to execute its threat to sell said property to enforce payment.

2. The Act of Congress approved June 17, 1870, under which the exemption from the payment of this assessment is claimed, reads as follows: "From and after the passage of this act all churches and school houses and all buildings

and grounds and property appurtenant thereto and used in connection therewith in the District of Columbia shall be exempt from any and all taxes or assessments, national or municipal or county." 16 Stat. 153.

By a subsequent act, approved June 11, 1878 (20 Stat. 108), it was declared that the term "school houses" in the act aforesaid was intended to embrace all collegiate establishments "actually used for educational purposes and not for private gain."

It may be added, also, that since 1870 many special acts have been passed extending exemptions, in words more or less general, to the property of specially named charitable, educational and religious institutions situated in the District. See Compiled Stat. D. C. 519, 520, for some of these.

3. The first contention of the appellant is that the exemption of the statute applies only to taxes that may be imposed and assessments thereof that may be made for general public purposes and to no others.

The argument is that the word "assessment" is generally used as descriptive of the amount of the tax assessed or the valuation of the property for the purpose of ascertaining the tax or the act of assessing or fixing the amount of the tax, and that the words "taxes or assessments" as used in the act of 1870 do not plainly apply to special assessments for the local and direct improvement of property.

Bearing well in mind the established rule, upon which great stress has been laid on the argument, that a claim of exemption from common public burdens or a grant of exceptional privileges must be founded in plain and unequivocal terms in the grant, and that reasonable doubts are to be resolved against the claimant, we are nevertheless unable to accede to the contention of the appellant.

We find no such ambiguity in the language of the statute, no such reasonable doubt in respect of the intention of Congress, as requires us, in accordance with the rule above

15 Ct. App.—21

stated, to declare against the validity of the exemption as claimed in the bill.

The word "taxes," in its ordinary sense, embraces all those regular impositions or burdens laid by government upon property and persons for the purpose of raising revenue for its general needs.

The term "assessments" has two different and well known significations, both in common speech and legal language. In one sense, it means, as contended by appellant, the act of appraisement, of the valuation of property, and its entry upon the tax lists for the regular collection of its ascertained proportion of the tax levy.

In another, it means the cost or expense of some particular local improvement, for example, a new street, a sidewalk, a sewer, and the like, that shall have been authorized by the legislature and declared and established as a special benefit to the adjacent premises of a private owner.

This latter signification would seem to be that with which the term has been most commonly used in modern legislation. *Emery* v. *Gas Co.*, 28 Cal. 346.

It certainly has this meaning in common speech in the District of Columbia, and is a use derived from the frequent legislation of Congress providing for works of local improvement therein, and the constantly resulting litigation. The item of the general appropriation bill to which the proviso regulating the assessment as made in this case is annexed, has the special heading, "Assessment and permit work;" the appropriation is specially designated therefor (28 Stat. 247), and the local improvements are to be at the discretion of the Commissioners, as well upon, as without, the application of interested lot owners. "Assessments," then, having this distinct, two-fold meaning, can not be regarded as a mere synonym for "taxes."

The court of last resort in New Jersey, in reaching the conclusion that a statute declaring that certain classes of property "shall not be subject to taxes or assessments,"

applied as clearly to assessments for special benefits as to general public taxes, aptly said: "In proper acceptation, in legislative enactments and in judicial decisions, these words have a different meaning, apply to different matters, and can not be treated as synonymous terms. This being so, no supposed impolicy of the exemption itself can be available to govern the judicial construction of the words." *The State Protestant Foster Home* v. *Newark*, 36 N. J. L. 478. Reversing decision reported 35 N. J. L. 157.

A similar construction has been given by other courts to statutes exempting "from all assessments and taxes whatsoever" (*First Div. St. Paul, etc., Rwy. Co.* v. *City of St. Paul*, 21 Minn. 526; *City of St. Paul* v. *St. Paul, etc., Rwy. Co.*, 23 Minn. 469; *Brightman* v. *Kirner*, 22 Wis. 54, 58); also, from "all public taxes and assessments" (*State* v. *City of St. Paul*, 36 Minn. 529), and from "all civil impositions, taxes and rates." *Harvard College* v. *Boston*, 104 Mass. 470, 482.

We are of the opinion that the intention to exempt the designated classes of property from both general taxes and special assessments for local improvements is, if possible, more clearly shown in the Act of Congress than in any of the State statutes above referred to.

In the first place, there is another familiar rule of construction, applicable as well to statutes conferring exemptions of this class as to others, that, unless the contrary intention be manifest, no sentence, clause or word is to be disregarded or treated as superfluous or insignificant. 23 Am. & Eng. Encyc. L. 364.

The term "assessments," if confined to the single signification contended for by the appellant, would certainly be superfluous, for its object would be completely answered by the more appropriate word "taxes."

That it was specially intended, however, to bear the additional and important signification that it has in common use is made reasonably plain by the descriptive words immediately preceding—"any and all."

The exemption is from "any and all taxes or assessments national or municipal or county," that is to say, any and all taxes, and any and all assessments.

Moreover, the intention is emphasized by the addition of the words, "national or municipal or county."

4. It remains to consider whether the exemption from assessments for local improvements by the act of 1870, has been repealed by the act of August 7, 1894. This is the second and last contention on behalf of the appellant.

The provision is found in the general appropriation act for the expenses of the government of the District of Columbia for the fiscal year ending June 30, 1895 (28 Stat. 243). Following the special appropriation of the money for "assessment and permit work," is a lengthy proviso after a fashion not uncommon in such bills. This prescribes in detail the necessary steps to be followed in doing such work and in securing the assessment and payment of the proportions charged to the adjacent lot owners. There is then a further proviso, relating to water main and sewer connections, and the conclusion is with this recital: "And provided further, that all acts and parts of acts inconsistent with this act, be and the same are hereby repealed." 28 Stat. 248.

A later act on the same subject as the former one, that is repugnant to, or inconsistent with it, or that embraces its subject and object in such manner as to show an intention to substitute it, operates, by implication, to repeal it, or so much of it as is repugnant to, or inconsistent, or that has been substituted.

The insertion of a general clause repealing no act in particular, but applying only to such laws as may be inconsistent, merely declares an intention that would otherwise be implied to the same extent and with the same effect. *United States* v. *Claflin*, 97 U. S. 546, 548, 549; 23 Am. & Eng. Encyc. L. 478.

Detaching the proviso aforesaid from the general appropriation act in which it is contained, and treating it as if it

were an independent act, it can not be said to be on the identical subject with the exemption act of 1870, or upon a subject so nearly related as to produce a necessary inconsistency between their provisions.

"It is, however, necessary to the implication of a repeal that the objects of the two statutes are the same, in the absence of any repealing clause. If they are not, both statutes will stand, though they may refer to the same subject." *United States* v. *Claflin,* 97 U. S. 546, 552.

The former act had one special object, which was the exemption of certain classes of property from any and all taxes or assessments to which it would otherwise be subject. The later one provides a system for making local improvements and a constitutional method by which the taxes and liens thereof may be fixed and enforced. Like all other charges and expenses of the appropriation bills, and provisions for the levy of taxes, the imposition is upon all property then subject to taxation, and upon no other. The objects of the two enactments are essentially different.

There is no necessary implication of a change in public policy as declared in the act of 1870, and we are constrained to believe that an actual intention to abolish the long standing exemption, in whole or in part, would have been indicated in a direct and unequivocal way.

Again, it is quite plain from the history of benefit assessments in the District of Columbia, and the litigation that has resulted, that there was legislation to which the repeal was directly applicable. This legislation was of such a character that it could not well be embraced with certainty of effect by a recital less general than that used, for it is embodied in a series of appropriation bills enacted from session to session through a long series of years.

Many assessments had been declared void for defects and conflicts in the acts, and for mistakes in their administration, and new and more definite provisions, therefore, had become of great importance.

The following cases represent some of the litigation referred to, and present the history of the legislation upon this subject. *Allman* v. *Dist. of Col.*, 3 App. D. C. 8; *Jones* v. *Dist. of Col.*, 3 App. D. C. 26; *Dist. of Col.* v. *Burgdorf*, 6 App. D. C. 465; *Parsons* v. *Dist. of Col.*, 8 App. D. C. 391: S. C., 170 U. S. 45; *Dist. of Col.* v. *Wormley, ante,* p. 58; *Dist. of Col.* v. *Allen, ante,* p. 70.

Our conclusion being that the exemption act embraces the assessment made in this case, and that it is still in full force and effect, the decree appealed from will be affirmed. It is so ordered. *Affirmed.*