## THE STATE OF IOWA v. HODNUTT.

1. CITY COURT OF DUBUQUE. No appeal lies from a judgment of the City Court of Dubuque to the District Court.

2. SAME: RULES OF PRACTICE. While the criminal jurisdiction of the Dubuque City Court is limited to a class of cases triable before magistrates the mode of exercising this jurisdiction must be according to the rules which govern the District Court.

*Appeal from Dubuque City Court.*

WEDNESDAY, JUNE 18.

THE facts are stated in the opinion of the court.

*H. T. Utley* for the appellant.

*C. C. Nourse*, Attorney General, for the State.

LOWE, J. — The record in this case exhibits the following facts : That the defendant was arrested and brought before the City Court of Dubuque City, upon a charge of an assault and battery. After his application for a change of venue, on the ground that the judge was prejudiced against him, had been overruled, he plead not guilty, waived a trial by jury, and submitted voluntarily to a trial by the court, was found guilty and duly sentenced, whereupon he appealed to this court, assigning two errors : 1st. That the court erred in refusing to grant a change of venue on the affidavit and application of the defendant. The record shows that the application for this purpose was substantially good in form and matter to authorize a change of venue in proceedings before a magistrate ; but quite insufficient in a prosecution before the District Court, in not setting out the nature of the prosecution, or that he could not receive a fair and impartial trial. Whether this application, therefore, was erroneously overruled, depends upon the question whether the rules which the statute prescribes

for the action of the District Court, or of magistrates, must govern and control the Dubuque City Court. The jurisdiction of this court is defined by § 32 of the act for revising and consolidating the laws incorporating the city of Dubuque, and to establish a City Court therein (Session Laws of 1857, page 356), which reads -as follows : " Said court shall have jurisdiction of all offences and suits under city ordinances; and shall have general jurisdiction concurrent with the District Court in all civil cases; and shall have concurrent jurisdiction with justices of the peace in all criminal cases." The same section enacts that appeals from the City Court lie directly to the Supreme Court of the State of Iowa. Section 33 of the same act provides that " *the rules and regulations of law which govern the District Court, shall govern the City Court as far as applicable.*"

From these several provisions of the act organizing this court, we conclude no appeal from a decision made therein lies to the District Court; and while its criminal jurisdiction is limited to the class of offenses triable before magistrates, yet the mode of exercising this jurisdiction must be according to the rules which govern the practice in the District Court. That is to say, if the defendant should desire a continuance of the cause, he must bring his application within the rule prescribed in the District Court for that purpose. So in regard to the number of jurors and challenges—all these things he could insist upon in the same manner as if he was being tried in the District Court. But if we adopt the construction that because the jurisdiction of the City Court is concurrent only with that of justices of the peace in criminal procedure, that therefore the law which regulates the practice in Magistrates' Courts must also govern the City Court in its criminal procedure, then the accused could not have the benefit of twelve jurors to try the charge imputed to him; nor could he have, if a change of venue was taken from a city to a Magistrate's

Court, an appeal directly to the Supreme Court. Of course all this would not be according to the rules and regulations which govern the District Court. Under these rules, we think the application for a change of venue was insufficient, and the court did not abuse its discretion in overruling the same.

What we have already said is an answer also to the appellant's second objection, which he makes, not against any action of the court below, but against himself, namely, that he should not have appealed to this court, but to the District Court. Judgment below

Affirmed.