## SALT LAKE CITY, *Appellant v.* JOSEPH REED, *Respondent.*

EFFECT OF THE " POLAND BILL " ON APPEALS FROM JUSTICES COURTS.—The " Poland Bill " does not change the mode and manner of taking appeals from a Justice's Court, either in civil or criminal cases.  It simply changes the *forum* to which the appeal must be taken.

PRACTICE ACT NOT APPLICABLE TO APPEALS IN CRIMINAL CASES.—An appeal from a Justice's Court in a criminal case cannot be taken in accordance with the provisions of the Practice Act regulating appeals in civil cases.

APPEALS IN CRIMINAL CASES HOW TAKEN.—On taking an appeal to the District Court from a judgment of a Justice's Court in a criminal case, an affidavit required by law on appeals from such Courts in criminal cases must be filed, otherwise the appeal will be dismissed.

APPEAL from the Third District Court.

The facts appear in the Opinion.

*Zera Snow,* for Appellant.

*Robertson & McBride,* for Respondent.

EMERSON, J., delivered the Opinion of the Court.

The Respondent was tried and convicted in a Justices' Court for the violation of an Ordinance of the City of Salt Lake in relation to Crimes and Punishments; and fined twenty-five dollars.   He then sought to appeal the case to the District Court by filing a notice of appeal and a deposit of money with the Justice.   A motion was made in the District Court to dismiss the appeal on the ground that it was not taken in the manner provided by law.   This motion was denied—a trial was had and the Defendant acquitted.   The city prosecutes this appeal and assigns as error the refusal of the District Court to dismiss the appeal from the Justice.

The City Ordinance authorized the magistrate upon a conviction for its violation, to impose a fine not exceeding a certain amount, or to imprison the offender not beyond a certain term, or to both fine and imprisonment.

This was not a civil action to recover a penalty or forfeiture.   The proceeding was by complaint and warrant of arrest, and was in its character so far criminal

as to require that they should be governed by the law regulating the practice in crimiual cases.

The appeal was taken by simply giving notice of appeal and a deposit of money in accordance with the provisions of the Practice Act regulating appeals from Justice's Courts in civil cases. The affidavit required in appeals from Justice's Courts in criminal cases was not filed. It was necessary that this should be done to give the Appellate Court jurisdiction.

The Act of Congress known as the Poland Bill does not change the mode and manner of taking appeals, either in civil or criminal cases. It simply changes the form to which the appeal must be taken.

The judgment of the Court below is returned, with instructions to dismiss the appeal.

McKEAN, C. J., and BOREMAN, J., concurred.