The State, for the use of the town of Manchester, v. Hoag.

46  337
99  404

THE STATE FOR THE USE OF THE TOWN OF MANCHESTER v. HOAG.

1. **Appeal:** JUDGMENT OF MAYOR: JURISDICTION. An appeal will lie to the District Court from the judgment of the mayor of a town incorporated under the general law, for the violation of an ordinance.

*Appeal from the Delaware District Court.*

SATURDAY, JUNE 16.

THE town of Manchester is incorporated under the general incorporation law, and an information was filed before the mayor against the defendants for violation of an ordinance of said town. Judgment was entered against the defendants who appealed therefrom to the District Court, where a motion was filed by the plaintiff to dismiss the appeal on the ground that the right of appeal from a judgment of the mayor was not given or authorized by law, which being overruled the plaintiff appeals.

*Bronson & Leroy,* for appellant.

*A. S. Blair,* for appellee.

SEEVERS, J.—The appellant states the question for determination to be: "Will an appeal lie from the judgment of the mayor of a town, incorporated under the general incorporation laws of the state, to the District Court, for the violation of an ordinance?" Mayors of each city or incorporated town have the jurisdiction of a justice of the peace in all matters, civil or criminal, arising

1. APPEAL: judgment of mayor: jurisdiction.

VOL. XLVI—22

under the laws of the state or the ordinances of such city or town, and the rules of law regulating proceedings before justices shall be applicable to proceedings before such mayor. Code, Sec. 506. Chapter 52 of title 25 of the Code relates to proceedings and trials before justices of the peace in criminal cases, and it seems to be conceded that in this chapter is to be found the great body of the statutes relating to such trials. The provisions of this chapter in relation to the information, pleadings, trial and judgment, it is conceded, furnish the rule for trials in mayors' courts as well as for justices of the peace, and Sec. 4697 thereof provides for an appeal to the District Court. This matter of taking the appeal, the manner of doing it, as well as the right to have it, is as much a part and parcel of the proceedings before justices of the peace, as are the provisions as to what the information must contain or the number and manner of summoning and impaneling a jury. If there be no appeal from a mayor's court in cases like the present, then there is none in any case whether civil or criminal. Thus making the judgment of such courts final and conclusive, which can not be said of any other court in the State. For in this court rehearings are granted, and in certain cases appeals may be taken to the Supreme Court of the United States. Certainly such a result was never intended or contemplated by the General Assembly. The consequences that must result from the construction placed on the statute by the appellant, demonstrates its unsoundness. See *State v. Hodnutt*, 13 Iowa, 437.

                                                    AFFIRMED.