MARTIN ALLEN v. HENRY KRUEGER, *et al.*

CASE-MADE, *Not Properly Authenticated.* The certificate of the judge to a case-made should show affirmatively that he has settled it. And where his certificate reads, "I don't know as it would be just to say that this paper is settled and signed for what appears upon its face," and there is nothing in the further portion of the certificate to show that the judge has approved and settled the case as a case-made, *held*, that it is not properly authenticated, and this notwithstanding he certifies that a certain report and the judgment are correctly copied in it.

*Error from Ellis District Court.*

ACTION brought by *Allen* against *Henry Krueger* and *Fred. Krueger*, partners as Krueger Brothers, to recover a balance of $401.55, alleged to be due on an account. Trial at the adjourned November Term, 1879, of the district court, and judgment for defendants. The plaintiff brings the case here.

*W. P. Montgomery*, for plaintiff in error.
*Nellis & Reeder*, for defendants in error.

The opinion of the court was delivered by

BREWER, J.: The sufficiency of the record presented for our examination is challenged by defendants in error, and this challenge we are constrained to hold must be sustained. The case was tried by a referee, and no bill of exceptions was preserved. A motion to confirm his report was, with some modifications, sustained. The plaintiff in error attempted to

prepare a case-made, but the certificate of the judge shows that it was never settled and allowed by him.   The certificate commences: "I don't know as it would be just to say that this paper is settled and signed for what appears upon its face."   He then proceeds to state certain facts that transpired in the case; says that the testimony as prepared and presented to him is not true, and nowhere settles and allows the record presented as a case-made.   He says that the testimony taken before the referee was reduced to writing and returned into court, and that he had suggested to counsel that it ought to be set out in the case-made; but it was not so set out, and has never received his approval.   To this case-made is attached that which the clerk certifies was the testimony, but the clerk cannot make a case.   That which is to become a part of the case-made must be presented to and approved by the judge. Neither clerk nor counsel can settle a case.   And when the judge signs and allows it, the record must be complete and perfect.  (*A. & N. Rld. Co. v. Wagner,* 19 Kas. 335; *M. & K. T. Co. v. Palmer,* 19 Kas. 471; *Shumaker v. O'Brien,* 19 Kas. 476; *Winstead v. Standeford,* 21 Kas. 270; *Hodgden v. Comm'rs of Ellsworth Co.,* 10 Kas. 637.)   Probably also upon the testimony which follows the signature of the judge, the ruling of the district court would have to be affirmed.   The only question which could be considered would be, whether the judgment was against the evidence, and where that is conflicting the ruling of the trial court must always be sustained.

But for the reasons first stated, the judgment must be affirmed.

All the Justices concurring.