## CITY OF WATER VALLEY *v.* DICK DAVIS.

APPEALS.  *Municipality.  Violation of ordinance.  Supreme court.  Code 1892, §§ 36, 39, construed.*

The supreme court has no jurisdiction of an appeal prosecuted by a municipality from a judgment of the circuit court discharging one arrested for violating an ordinance of the municipality. The prosecution is not one by the state, nor the case one in which the defendant appeals (§§ 36, 39, Code 1892), and no statute confers the right of appeal.

FROM the circuit court of Yalobusha county.

HON. EUGENE JOHNSON, Judge.

The appellee was arrested, tried and convicted before the police justice of the city of Water Valley, on an affidavit charging him with the unlawful sale of liquor within the corporate limits of that municipality. He appealed to the circuit court, where his demurrer to the affidavit was sustained, and a judgment entered discharging him from custody. From that judgment the municipality appealed.

*J. T. Blount,* for the appellant.

Sections 2938, 2951, 2957, code 1892, confer upon municipalities full authority to prohibit the sale of liquor and prescribe penalties for the violation of their ordinances in reference thereto.

*Brewer & Wilson,* for the appellee.

A municipality has no power to punish for offenses punishable under the state law, unless the right to punish is clearly

and explicitly given in its charter. *Ex parte Bourgeois,* 60 Miss., 663. The ordinance in question makes all offenses punishable by the state punishable as well by the city, and is manifestly invalid. The code provisions relied on by the appellant do not confer the power it seeks to exercise.

COOPER, C. J., delivered the opinion of the court.

This is an appeal by the city of Water Valley from a judgment of the circuit court discharging the appellee, who was arrested upon a charge of violating an ordinance of the city against retailing. We find ourselves without any jurisdiction in the matter, for the reason that no appeal is, by law, provided in favor of a municipality in this class of cases. The defendant in all criminal prosecutions in the circuit court is given an appeal to this court (Code 1892, § 36), and the state is also given the right of appeal, in certain states of case, in which the defendant in a criminal prosecution has been acquitted or discharged, and in all cases where the defendant appeals. Code 1892, § 39. But this is not a prosecution by the state, and there is no statute giving the right of appeal to a municipality in criminal prosecutions.

*The appeal must therefore be dismissed.*