M. R. MUDGE v. THE KANSAS NATIONAL BANK OF TOPEKA *et al.*

No. 8890.

CASE-MADE — *Insufficient Certificate.*   In a certificate appended to a case-made it was stated that the case-made was presented to the judge for settlement, and that it was considered by him, but it failed affirmatively to state or show that he had settled it. *Held,* That the certificate is insufficient and the case-made invalid.

*Error from Lyon District Court.*

ACTION by The Kansas National Bank of Topeka and others against M. R. Mudge.   Judgment for

23—56 KAS.

plaintiffs. Defendant brings the case here. The opinion, filed January 11, 1896, contains a sufficient statement of the facts.

*J. J. Mitchell*, and *F. L. Irish*, for plaintiff in error.

*J. Jay Buck*, and *J. D. McFarland*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J. : This proceeding in error is founded on a case-made, the validity of which is challenged upon the ground that it does not appear to have been settled by the trial court. Appended to the case is a certificate which recites : "And now, on this 28th day of June, 1892, come the parties by their attorneys, and present this made case to me for final settlement; and, having considered said made case, and the amendments suggested thereto, I do hereby certify that the foregoing is a full, complete, and correct record of all the pleadings, process, evidence and proceedings in the case. Witness my hand," etc.

The certificate, although signed by the judge, lacks the essential statement that the case-made was settled, and is, therefore, fatally defective. "The certificate of the judge to a case-made should show affirmatively that he has settled it." (*Allen v. Krueger*, 25 Kan. 74; *National Bank v. Becannon*, 51 id. 716.) It is not absolutely essential that the words of the statute should be employed, but the expressions used should clearly indicate that the judge has determined that what he has considered and signed is a true case-made; but probably no briefer or better terms can be employed than those found in the statute. As the word "allowed" as well as "settle" is found in the statute, it may be safely used in the cer-

tificate. (*A. T. & S. F. Rld. Co. v. Cone*, 37 Kan. 567.) The statements in the certificate as to what is contained in the case-made are without force and must be ignored. Stripped of these statements, nothing remains except a certificate that the case was presented to the judge for settlement, and that he considered the same.

Within the case of *National Bank v. Becannon*, supra, the certificate is insufficient, and the proceeding must be dismissed.

All the Justices concurring.