THE CITY OF SALINA V. A. C. WAIT.

No. 10117.

CITY ORDINANCE — *Violation* — *Appeal by City.*  In a prosecution by a city of the second class for the violation of a 'mere municipal regulation, the defendant was convicted in the police court, and from the sentence and judgment he appealed to the district court, where a motion to quash the complaint and discharge the defendant was sustained.  *Held,* That an appeal by the city from that ruling to the supreme court will not lie.

*Appeal from Saline District Court.*

THE opinion states the case.

*David Ritchie,* and *J. B. Hutchinson,* for appellant.

*Burch & Burch,* for appellee.

The opinion of the court was delivered by

JOHNSTON, J. : A. C. Wait was prosecuted in the police court of the city of Salina for the violation of an ordinance regulating the use of hacks and other vehicles drawn by animals.   He was convicted in that court, and from the judgment he appealed to the district court.   In that court he challenged the validity of the ordinance, and upon his motion the district court quashed the complaint, and discharged him from custody.   The city has attempted to take an appeal to this court.

Does an appeal lie, and has this court jurisdiction to review the ruling of the district court?   A negative answer must be given to both of these questions. The defendant is entitled to take an appeal to the district court from the judgment of the police court (Gen. Stat. 1889, ¶ 854) ; but we find no provision authorizing the city to appeal from the judgment of the police court.   In prosecutions by the city for an

act of a criminal nature, and which is an offense against the laws of the state, the defendant may appeal to the supreme court from any judgment rendered against him in the district court. (Crim. Code, § 281.) We have no statutory provision, however, expressly giving the right of appeal to a city in any prosecution brought in its name. Appeals to the supreme court can only be taken by the state in three cases : "*First*. Upon a judgment for the defendant, on quashing or setting aside an indictment or information. *Second*. Upon an order of the court arresting judgment. *Third*. Upon a question reserved by the state." (Crim. Code, § 283.) Without this provision no appeal could be taken by the state, and we find no such provision authorizing an appeal by the city. It has been assumed that the city might appeal· in cases where the act sought to be punished was an offense against the public at large, criminal in its nature, and such as might be or is punishable under the criminal laws of the state. Whether such right exists in the city without express legislation to that effect it is unnecessary to determine at this time. The prosecution in this instance is for the violation of a mere municipal· regulation. There is no provision which expressly or impliedly gives· the city a right to an appeal in such cases, and without a statutory authority no right of appeal exists.

This court is without jurisdiction to review the ruling of the district court, and therefore the appeal will be dismissed.

All the Justices concurring.