99   401
115    58|
| 99   401|.
e128  112|
128   113|

The City of Burlington, Iowa, Appellant, v. Fred L. Unterkircher, *et al.*

**Municipal Corporations:** POWER TO LICENSE. A municipality, under an authority to license, may impose such fees as will cover the necessary expense of issuing the license and of supervising the business licensed; but when a reasonable discretion has once been exercised in fixing the fees, the result is final so long as the conditions remain substantially unchanged, and cannot be questioned on the ground that during a particular time, the cost of the license, etc., was less than the fee charged.

**Presumptions for Evidence.** It must be presumed in the first instance, that a municipal ordinance adopted in the exercise of the police power of the city, exacting a license of persons engaged in certain kinds of business, is reasonable and valid; and the burden of showing that it is not, is upon the one asserting the contrary.

**Reasonableness:** *Construction of statute.* An ordinance, which imposes an annual license fee "for each two-horse wagon or team $6; for each one-horse wagon, dray or cart, $4; for each hack, carriage, coach or omnibus, $10;" also providing, that "each vehicle used for passengers, not having an annual hack license, shall pay a license of $1 per day;" and another ordinance which orders owners of conveyances run for hire, to pay annually for each two horse wagon, $8; for each one-horse wagon, $5; for each omnibus, $8; and for each hack and carriage, $10; and which exempts vehicles bringing produce to market, and those owned by liverymen, and not kept for hire, in any public place or street, are both valid, and a reasonable exercise of the power given by Code, section 463, to cities, to regulate, license, and tax conveyances for hire.

*Court and jury.* The reasonableness of a license exacted by a city, in the exercise of its police powers, is usually, if not always, a question for the court, and not for the jury.

**License:** *Construction of ordinance.* Hearses are not within a municipal ordinance requiring annual licenses for every vehicle or conveyance run for hire, for the conveyance of passengers.

*Same.* Single horse buggies are comprehended by the word "carriage" in a municipal ordinance imposing an annual license fee

NOTE.—The limit of the amount which may be imposed for license fees, is considered in a very extensive note to State, *Toi v. French* (Mon.) 30 L. R. A. 415.

for each hack, carriage, coach, or omnibus run for hire, for the conveyance of passengers.

*Same.* A passenger is not one who drives about for pastime merely, in a vehicle of which he has absolute control, but he has some of the characteristics of a traveler; therefore, a municipal ordinance requiring a license for "every vehicle or conveyance" which is "run" for hire or profit in carrying passengers, does not apply to any conveyance which is not in charge and under the control of the owner, his driver, or other employe, and a conveyance which is in charge and under the personal control of the hirer or his representative is not within the ordinance.

Appeal to Supreme Court: ACQUITTAL OF VIOLATION OF CITY ORDINANCE. Code, sections 543, 546, give police judges in all criminal cases, the jurisdiction vested in justices of the peace, and provide for appeal in like manner as from judgments of a justice. Section 4697, provides for appeals to the district court by defendants in criminal cases tried before justices, and such section is by section 4707, made applicable to police courts. Section 4705, relates to criminal cases tried in the district court on appeal, and provides that either party may appeal to the Supreme Court in the same manner as in prosecutions by indictment. *Held,* that a prosecution for the violation of an ordinance which imposes a fine for running conveyances for hire without a license, is a "criminal case," and hence, where a defendant convicted in a police court under such ordinance, appeals to the district court, and is there acquitted, the city may appeal to the Supreme Court.

PRESUMPTIONS FOR COURT BELOW. In the absence of a showing to the contrary, it will be presumed that the judgment of the trial court was based on the only tenable ground upon which it could legally rest.

*Appeal from Des Moines District Court.*—HON. JAMES D. SMYTHE, Judge.

TUESDAY, OCTOBER 20, 1896.

THIS proceeding was instituted in police court, by information, which charged the defendants with the violation of a city ordinance, in running hacks, carriages, and other vehicles for hire and profit, without a license. The defendants were tried in the police court, and found guilty, and appealed to the district court. A jury was waived in that court, and the

defendants were acquitted.  The plaintiff then served a notice of appeal upon the defendants and the clerk of the district court.—*Affirmed*.

*Seerley & Clark* and *La Monte Cowles* for appellant.

*Blake & Blake* for appellees.

ROBINSON, J.—The ordinance under which this proceeding was instituted makes it "the duty of every person wishing to run for hire any conveyance for passengers, baggage or merchandise, before running the same, to procure a license therefor from the city clerk," and a number for each vehicle, to be placed upon it.  The ordinance made it the duty of every person running such a vehicle to transport passengers, baggage, and merchandise within the city, upon demand, and provided a schedule of maximum charges, which, so far as they applied to passengers, were required to be posted in each conveyance for passengers.  Crying out, shouting, importuning, and the making of a loud noise at any steamboat landing, depot, train, or upon any street, to attract the attention of passengers or persons to such conveyance, were forbidden, and violations of the ordinance were made punishable by a fine of not more than twenty, nor less than two dollars for each offense.  Two ordinances which purport to fix the fees to be paid for licenses were introduced in evidence.  They are not in accord in some respects, and no explanation of the conflict is given.  The first one introduced, known as "Ordinance No. 12," will be considered first.  The fees which section 11, of that ordinance requires for annual licenses are as follows: For each hack, carriage, coach, or omnibus, ten dollars; for each two-horse wagon or team, six dollars; for each one-horse wagon, dray or cart, four dollars; and for each

vehicle used for carrying passengers, not having an annual hack license, one dollar per day. The defendants were the keepers of a livery stable within the incorporated limits of the plaintiff when this proceeding was commenced, and owned and kept for hire eight two-horse coaches, two two-horse carriages, and two two-horse sleighs, one one-horse cart, ten one-horse buggies, six one-horse sleighs, four hearses, and one band wagon. The defendants did not procure licenses, nor pay any fees therefor, during the time when they are charged with having violated the ordinance in question.

I. The appellee's claim that there is no law which permits a city to take an appeal in a criminal case based on the violation of a city ordinance; therefore, that this court has no jurisdiction of this cause. It is well settled that a prosecution for the violation of an ordinance of a city or town which provides for punishment by fine, or by fine and imprisonment, for its violation, is a criminal case. This was held in *State v. Vail*, 57 Iowa, 103 (10 N. W. Rep. 297); *Columbus City v. Cutcompt*, 61 Iowa, 672 (17 N. W. Rep. 47), and *Jacquith v. Royce*, 42 Iowa, 406. The police judge has in all criminal cases the powers and jurisdiction vested in justices of the peace. Code, section 543. And "an appeal may be taken from the police court in like manner as from a justice of the peace." Code, section 546. Appeals to the district court by defendants from judgments of justices of the peace in criminal cases are provided for by section 4697 of the Code. The matter of taking an appeal is a part of the proceedings in justice's court, and the provisions of that section are applicable to police courts. Code, section 4707; *State v. Hoag*, 46 Iowa, 337. Section 4705 of the Code applies to criminal cases tried in the district court on appeal, and provides that either party may appeal from the judgment of the district court to

the supreme court in the same manner as from a judgment in a prosecution by indictment. We conclude that the claim that this court lacks jurisdiction to determine the case upon its merits is not well founded.

II. Section 463 of the Code, authorizes incorporated cities to "regulate, license and tax all carts, wagons, drays, coaches, hacks, omnibuses, and every description of conveyance kept for hire." It is not denied that this power is vested in the plaintiff, but it is said the ordinances in question are unreasonable, unfair, and oppressive, and therefore, void. The ordinance requiring persons, who run for hire any conveyance for passengers, baggage, or merchandise, to procure a license therefor, considered alone, is not unreasonable in any respect. It is certainly a proper exercise of the police powers of a city to adopt such regulations for the carriage of passengers, baggage, and merchandise, as will, so far as it is practicable, prevent imposition, annoyance, and extortion. But it is well settled, that the obligation imposed by an ordinance must be reasonable and just. *City of Des Moines v. Des Moines Water Works Co.*, 95 Iowa, 348 (64 N. W. Rep. 274); *City of Ottumwa v. Zelind*, 95 Iowa, 622 (64 N. W. Rep. 646); *Town of State Center v. Barenstein*, 66 Iowa, 249 (23 N. W. Rep. 652). Hence we are led to inquire whether the fees required for licenses are unreasonable. It was said in *City of Ottumwa v. Zelind, supra*, that a municipality under an authority given to license, has the right to impose such a charge as would cover, not only the necessary expense of issuing the license, but also the additional labor of officers, and other expenses imposed by the business. It is to be noticed, that the case last cited, arose under section 462, of the Code, which gives to cities and towns the "power to regulate and license" sales by auctioneers and transient merchants. This

case arises under that part of section 463, of the Code, quoted, which gives the right to regulate and license, and also to tax carts, wagons, and other kinds of conveyances. We cannot say that any of the fees required for annual licenses are excessive, considered merely as charges for licenses, and not as taxes. In *Ex parte Gregory*, 20 Tex. App. 210, a fee of eight dollars for an annual hack license, was sustained; not, however, on the ground that it was authorized as a tax, but because nothing in the ordinance, which provided for it, nor in the evidence, showed that it was unreasonable. See, also, *State v. French* (Mont.) 30 Lawy. Rep. Ann. 415, and note; s. c. (41 Pac. Rep. 1078). The defendants were permitted to show the number of vehicles of various kinds kept by different livery stable keepers in the city of Burlington, and that very little police supervision or protection was required in their business. The purpose of testimony of that character appears to have been to show that the charges for licenses were unreasonable. The rule stated in *City of Ottumwa v. Zekind*, to which we have referred, does not require that the license fee be fixed at the exact cost of the license and the expenses of enforcing the regulations respecting the business to which it relates. In most cases it would be wholly impracticable, and even impossible, to do so. The fee is usually and necessarily fixed before the term for which the license is given commences, when the exact cost of supervising the business and enforcing the regulations which are to control it cannot be foretold. The cost may be variable, fluctuating under different and unforeseen conditions. It may be greater for the same term in some cases than in others, and, at best, can only be approximated. A reasonable discretion in fixing it must be allowed, and, when that has been exercised, the result reached is final and conclusive, so long as the conditions remain substantially

unchanged. To permit a person to subject a license fee to question and refuse to pay it, on the ground that during a particular time the cost of the license and the expense of supervising and regulating the business for which it was issued were less than the fee charged, would subject the municipality to harassing annoyances and delays, and would greatly impede the exercise of its proper functions. The reasonableness of an ordinance is usually, if not always, a question for the court, and not for the jury, to determine. *Meyers v. Railroad Co.*, 57 Iowa, 558 (10 N. W. Rep. 896); 1 Dill. Mun. Corp., section 261.

It must be presumed, in the first instance, that the ordinance is reasonable and valid, and the burden is upon the defendants to show that it is not. We are of the opinion that the evidence submitted does not sustain the claim they make. The fact that they have a large number of vehicles, and therefore might have to pay a large amount for licenses, does not affect the case. If a specific charge is reasonable when applied to one vehicle, it may be as reasonable if applied to each of several. It is contended that the ordinance under consideration does not provide an annual charge for one-horse buggies, for sleighs, nor for hearses; therefore, that a daily rate of one dollar applies to each of them. The section which fixes the rates is as follows: "Sec. 11. The owner or driver of every vehicle or conveyance who shall run the same for hire or profit within the city limits, shall pay an annual license fee therefor, as follows: For each two-horse wagon or team, $6; for each one-horse wagon, dray, or cart, $4; for each hack, carriage, coach, or omnibus, $10; each vehicle used for carrying passengers, not having an annual hack license, shall pay a license of $1 per day." The word "carriage," as used in the section, is sufficiently comprehensive to include single-horse buggies, and

annual licenses may, therefore, be issued for them. Hearses are not vehicles used for carrying passengers, and are not within the purview of this section. The appellees estimate the aggregate amount of the fees the ordinance would require them to pay each year, at eight thousand one hundred and forty-four dollars. This includes ten one-horse buggies, four hearses, and eight sleighs, at one dollar per day, and three hundred and sixty-five days for each. What we have already said disposes of the items for one-horse buggies and hearses. As sleighs are not used three hundred and sixty-five days in each year in this state, the appellees are unnecessarily alarmed in regard to the charges for them. It is to be further noticed that the clause of the section which provides for a license of one dollar per day applies only to vehicles not run under an annual license, which are used for carrying passengers. A passenger is not one who drives about a city for mere pastime only, in a vehicle of which he has absolute control, but he has some of the characteristics of a traveler. The section quoted, provides charges for "every vehicle or conveyance" which is "run" for hire or profit. We are of the opinion that it does not apply to any conveyance which is not in charge and under the control of the owner, his driver, or other employe; and, therefore, that it does not apply to any conveyance which is let without a driver, and is in charge and under the personal control of the hirer or his representative.

Thus far we have considered section 11, of Ordinance No. 12. Section 8, of Ordinance No. 14, provides for annual license fees, to be paid for by "the owners of each conveyance who shall run the the same for hire or profit in said city," as follows: "For each two-horse wagon, $8; for each one-horse wagon, $5; for each dray or cart, $5; for each omnibus, $8; and for each hack or carriage, $10."

It contains a proviso which exempts from its operation vehicles bringing produce to any market in the city, and those owned by livery stable keepers not kept upon the street or other public place of the city for hire.   This ordinance falls within the rules which we have stated, and we need not say more of it than that the charges for which it provides do not appear to be unreasonable.   The provision which it contains is not found in Ordinance No. 12, and under that, it is immaterial where the conveyances described are kept.

The record does not show the ground upon which the judgment of the district court was based.   The cause appears to have been tried in part upon the theory that all conveyances kept by livery stable men for hire were subject to license fees.   That, as we have seen, is not correct.   We find little, if any, evidence that the defendants used any of their vehicles for purposes for which licenses were required, and the conclusions of the district court may have been based upon the ground that the evidence did not show a violation of the ordinance.   If that were the case, we should not be authorized to disturb the judgment.   In the absence of a showing to the contrary, it must be presumed that the judgment was based upon tenable ground, and it is AFFIRMED.