ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY
v. LOUIS A. BENTHIEN.

No. 308.

CASE-MADE—*Defective Certificate.* In a certificate appended to a case-made it was stated that the case-made was presented to the judge for settlement, and that it was considered by him, but it failed affirmatively to state or show that he had settled it. *Held*, That the certificate is insufficient and the case-made invalid. (*Mudge v. National Bank*, 56 Kan. 353.)

Error from Lyon district court; W. A. RANDOLPH, judge. Opinion filed May 14, 1898. Dismissed.

*A. A. Hurd*, and *Stambaugh & Hurd*, for plaintiff in error.

*E. N. Evans*, and *J. G. Hutchison*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J. : The defendant in error challenges the right of plaintiff in error to be heard in this court

for the reason that the case-made is not signed and settled as required by law. The following is the certificate appended to the case, omitting the signature of the judge and clerk.

"And now, on this 19th day of August, 1893, comes the defendant, the Atchison, Topeka & Santa Fe Railroad Company, and presents the above and foregoing made case for settlement and authentication. And it appearing to me that said made case has been duly served upon the plaintiff within the time heretofore given therefor, and it further appearing that said plaintiff has no amendments to suggest to said made case, and it also appearing that said plaintiff has duly waived notice of the time of making this application, and having duly examined said made case, I do hereby certify that the same is a true, correct and complete transcript and record of all the pleadings, process, evidence and proceedings had in the trial of the said case, and hereby order the same filed as a part of the record of said case.

"Witness my hand, this 19th day of August, 1893."

In the case of *Mudge v. Kansas National Bank of Topeka*, 56 Kan. 355, JOHNSTON, J., in considering a similar certificate, says :

"The certificate, although signed by the judge, lacks the essential statement that the case-made was settled, and is, therefore, fatally defective. 'The certificate of the judge to a case-made should show affirmatively that he has settled it.' (*Allen v. Krueger*, 25 Kan. 74; *National Bank v. Becannon*, 51 id. 716.) It is not absolutely essential that the words of the statute should be employed, but the expressions used should clearly indicate that the judge has determined that what he has considered and signed is a true case made; but probably no briefer or better terms can be employed than those found in the statute. As the word 'allowed' as well as 'settle' is found in the statute, it may be safely used in the certificate. (*A. T. & S. F. Rld. Co. v. Cone*, 37 Kan.

567.)  The statements in the certificate as to what is contained in the case-made are without force and must be ignored.''

Upon this authority, and upon the authority of the *Mutual Benefit Life Insurance Company v. Sackett,* 48 Pac. Rep. 994, and cases there cited, the motion to dismiss will be sustained.