### THE CITY OF TOPEKA v. WILLIAM WOOD.

**No. 11,996.** ( 64 Pac. 630.)

CITIES AND CITY OFFICERS—*Appeals by City in Criminal Actions.* Where a defendant is convicted in the police court under an ordinance of a city of the first class, and appeals to the district court, and the district court quashes the complaint, dismisses the prosecution, and discharges the defendant, chapter 75 of the Laws of 1891 (Gen. Stat. 1897, ch. 32, § 150; Gen. Stat. 1899, § 785) does not confer upon the city the right of appeal to this court.

Appeal from Shawnee district court; Z. T. HAZEN, judge. Opinion filed April 6, 1901. *In banc.* Dismissed.

*W. A. S. Bird*, city attorney, for appellant.
*G. C. Clemens*, for appellee.

The opinion of the court was delivered by

POLLOCK, J.: Appellee Wood was convicted in the police court of the city of Topeka of a violation of ordinance No. 2061 of said city, appealed to the district

court of Shawnee county, and there filed his motion to dismiss the prosecution and for his discharge, upon the ground that said ordinance is void for want of authority in the city to enact the same. This motion was sustained, the complaint quashed, the defendant discharged, and costs adjudged against the city, which appeals to this court.

The appellee challenges the jurisdiction of this court. The city claims the right of appeal by virtue of chapter 75 of the Laws of 1891 (Gen. Stat. 1897, ch. 32, § 150 ; Gen. Stat. 1899, § 785). The right does not exist independently of this act. (*City of Salina v. Wait*, 56 Kan. 283, 43 Pac. 255.) Does this statute confer such right upon the city in this case? We think not. The title to the act is "An act relating to cities of the first class, and providing for appeals from the police court of such cities in certain cases." The first section reads :

"Section 1. Appeals from the police court of a city of the first class to the district court and from there to the supreme court may be taken by the city in the following cases, and no other : *First*, upon a judgment for the defendant on quashing a complaint ; *second*, upon an order of the police judge arresting the judgment ; *third*, upon a question reserved by the city."

The title contains no general terms, but is expressly restricted to appeals by the city *from the police court* in the event certain rulings are therein made against the city and in favor of the accused, a right which theretofore did not exist in the city. The body of the act attempts to extend this right of the city not only to appeals from the police court in the event that these certain rulings are made in favor of the accused and against the city, but also to confer upon the city the

right to appeal from the district court to this court in the event the ruling of the district court is again in favor of the defendant and against the city, and in so doing violates section 16 of article 2 of the constitution, for it cannot be said that the second right of appeal by the city, not from the police court to the district court, but from the district court to this court, is clearly expressed in this title.    Indeed, it cannot be said that it is expressed or included in this title at all.

Again, in this case the city was not called upon to exercise any right of appeal from the police court, the judgment of that court being in favor of the city and against the defendant.    The ruling of the district court, however, was against the city and in favor of the defendant, and it is from this ruling that the city appeals.    The right of appeal by the city in such event is not only not clearly expressed in the title of the act but is not contemplated by the act itself.    It follows that the appeal must be dismissed, and it is so ordered.