## OKLAHOMA CITY v. TUCKER.

No. A-2065.    Opinion Filed January 20, 1915.

(145 Pac. 757.)

1.  **APPEALS—Municipal Corporations—Violation of Ordinance.** (a) The right of the state to appeal from an adverse judgment rendered in a criminal prosecution is controlled by statute, and exists only by specific statutory authority.

    (b) The right of the state to appeal on a question reserved by the representatives of the state in the trial court is based on section 5990, Rev. Laws of 1910; but this statute does not confer the same right on municipalities.

2.  **SAME.** A legislative act granting the state the right to appeal does not by implication grant the same right to municipalities existing under state law. The right of the sovereign to appeal must be authorized.

3.  **SAME.** An appeal which is not authorized by law will, upon proper motion, be dismissed by this court.

(Syllabus by the Court.)

*Appeal from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

Howard A. Tucker was convicted of violating an ordinance of Oklahoma City. On appeal to the county court the complaint was set aside, and the City appeals. Dismissed.

*J. W. Johnson,* Municipal Counselor, and *V. V. Hardcastle,* Asst. Municipal Counselor, for plaintiff in error.

*Wright & Blinn,* for defendant in error.

ARMSTRONG, J.  This action was begun in the police court in Oklahoma City in May, 1913, by the filing of a complaint in the name of said city against Howard A. Tucker, charging, or attempting to charge, the violation of a city ordinance.  A judgment was given adverse to Tucker and an appeal taken by him to the county court of Oklahoma county, as provided by law.  When the cause came on for hearing in the county court, a motion to set aside the complaint was filed on behalf of Tucker and sustained by the court.  From this judgment of the county court the city of Oklahoma City has attempted to appeal to this court.  A motion to dismiss the appeal was filed by counsel for the defendant in error Tucker on the ground that the law in this jurisdiction does not confer the right on the city of Oklahoma City to appeal from an adverse judgment of the court below.  Other grounds are set out in the motion, but they are without merit.  The only question presented is:  Has the city of Oklahoma City the right to maintain the appeal under the law as it now exists in this state?

Section 5990, Rev. Laws 1910, is as follows:

"Appeals to the Criminal Court of Appeals may be taken by the state in the following cases and no other:  First. Upon judgment for the defendant on quashing or setting aside an indictment or information.  Second. Upon an order of the court arresting the judgment.  Third. Upon a question reserved by the state."

This section of the statute specifically grants to the state the right to appeal in certain cases, but fails to confer any such rights on municipalities.  It is a well-settled rule of law that the state has no right to appeal from adverse judgments unless such right is specifically granted by either constitutional or legislative provisions.  Except for the foregoing statute, the state itself would not have the right to appeal in this jurisdiction.  This provision, however, does not authorize the municipalities existing under state law to exercise the right of appeal from adverse judgments rendered in prosecutions of persons charged with violating any provision of city ordinances.

Counsel for the plaintiff in error urge this court to construe section 1819, Rev. Laws 1910, to authorize this appeal. This section of the statute is as follows:

"Appeals and proceedings in error shall be taken from the judgments of county courts direct to the Supreme Court and Criminal Court of Appeals in all cases appealed from justices of the peace, and in all cases appealed from the police judges, and in all criminal cases of which the county court is vested with jurisdiction, and in all civil cases originally brought in the county court, in the same manner and by like proceedings as appeals are taken to the Supreme Court from judgments of the district court."

We are unable to read into this provision language granting any such right. The purpose and intent of this section is clear, and a construction thereof which would grant authority to cities to appeal from adverse judgments in cases prosecuted under city ordinances is in no wise warranted. The Legislature may pass such a law, but this court has no power to do so. This section of the statute was not intended to confer any special power or right upon municipalities. It confers no right on the state to appeal. It simply declares the law allowing appeals to litigants and persons charged with violating city ordinances. It clearly did not contemplate anything else. Under this provision of the statute the state would have no right to appeal from an adverse judgment. The state's right rests wholly on section 5990, *supra*.

It appears to be a well-settled rule that, although the statute may authorize the state to take an appeal in certain cases, this right cannot be exercised by cities or municipalities in prosecutions under municipal ordinances unless the statute specifically so provides.

In *People v. Jackson,* 8 Mich. 78, the Supreme Court of Michigan said:

"Although the recorder of Detroit may have power to reserve for our opinion questions which arise upon the trial of reserve such as arise upon the trial of complaints for the breach of city ordinances."

The question here under discussion was considered by the Supreme Court of Kansas in the case of *City of Salina v. Wait*, 56 Kan. 283, 43 Pac. 255. In this case Wait was prosecuted in the police court of Salina for violating an ordinance regulating the use of hacks, etc. He was convicted in that court, and from the judgment he appealed to the district court. In that court he challenged the validity of the ordinance, and upon his motion the district court quashed the complaint, and discharged him from custody. We quote at length from that court, as follows:

"Does an appeal lie, and has this court jurisdiction to review the ruling of the district court? A negative answer must be given to both of these questions. The defendant is entitled to take an appeal to the district court from the judgment of the police court (Gen. St. 1889, Par. 854), but we find no provision authorizing the city to appeal from the judgment of the police court. In prosecutions by the city for an act of a criminal nature, and which is an offense against the laws of the state, the defendant may appeal to the Supreme Court from any judgment rendered against him in the district court. Cr. Code, sec. 281. We have no statutory provision, however, expressly giving the right of appeal to a city in any prosecution brought in its name. Appeals to the Supreme Court can only be taken by the state in three cases: 'First, upon a judgment for the defendant, on quashing or setting aside an indictment or information; second, upon an order of the court arresting judgment; third, upon a question reserved by the state.' *Id.*, sec. 283. Without this provision no appeal could be taken by the state, and we find no such provision authorizing an appeal by the city. It has been assumed that the city might appeal in cases where the act sought to be punished was an offense against the public at large, criminal in its nature, and such as might be or is punishable under the criminal laws of the state. Whether such right exists in the city without express legislation to that effect it is unnecessary to determine at this time. The prosecution in this instance is for the violation of a mere municipal regulation. There is no provision which expressly or impliedly gives the city a right to an appeal in such cases, and, without a statutory authority, no right of appeal exists. This court is therefore without jurisdiction to review the ruling of the district court, and therefore the appeal will be dismissed."

See, also, *City of St. Louis v. Marchel,* 99 Mo. 475, 12 S. W. 1050; *City of St. Louis v. White,* 99 Mo. 477, 12 S. W. 1050.

We are of opinion that the city of Oklahoma City is granted no right to appeal from an adverse judgment rendered in a prosecution for the breach of its ordinances.

It follows, therefore, that the motion to dimiss should be sustained, and the appeal dismissed. It is so ordered.

DOYLE, P. J., and FURMAN, J., concur.