CASTLE DALE CITY v. WOOLLEY, District Judge, et al.

No. 3920.   Decided February 8, 1923.   (212 Pac. 1111.)

1. MUNICIPAL CORPORATIONS—CITY'S ACTION FOR VIOLATION OF ORDINANCE IS CRIMINAL CASE.   A city's action for violation of a city ordinance is a criminal case.[1]

2. MUNICIPAL CORPORATIONS—NO APPEAL BY CITY TO DISTRICT COURT FROM JUSTICE'S ORDER DIRECTING VERDICT FOR DEFENDANT

---

[1] *Salt Lake City* v. *Reed,* 1 Utah, 183; *Salt Lake City* v. *Robinson,* 39 Utah, 260, 116 Pac. 442, 35 L. R. A. (N. S.) 610, Ann. Cas. 1913E, 61.

IN ACTION FOR VIOLATING ORDINANCE. Neither Comp. Laws 1917, §§ 631, 9455-9457, relative to appeals to the district court from judgments of justices' courts, nor section 9208, relating to appeals by the state to the Supreme Court from orders directing verdicts for defendant, grant to cities the right to appeal to the district court from an order of a city justice's court directing a verdict for defendant in an action for violating a city ordinance.

3. CRIMINAL LAW—RIGHT OF APPEAL EXISTS ONLY WHEN EXPRESSLY GIVEN BY CONSTITUTION OR STATUTE. The right of appeal exists only when expressly given by some constitutional or statutory provision, and cannot be extended to cases not within the provisions of the Constitution or statute conferring such right.[2]

4. MUNICIPAL CORPORATIONS—NO CONSTITUTIONAL RIGHT OF APPEAL BY CITY TO DISTRICT COURT FROM JUDGMENT OF CITY JUSTICE'S COURT FOR DEFENDANT, IN PROSECUTION FOR VIOLATING CITY ORDINANCE. Const. art. 8, § 9 (repealed in Comp. Laws 1917, § 1668), authorizing appeals to the district courts from final judgments of justices of the peace in civil and criminal cases does not authorize a city to appeal to the district court from a judgment of the city justice's court in favor of defendant, in a criminal case for violation of a city ordinance, such provision being general and saying nothing as to the party by whom the appeal may be taken.

Application by Castle Dale City for a writ of mandate to Dilworth Woolley, as Judge of the District Court of Emery County, to reinstate and assume jurisdiction of an appeal from a judgment of the city justice's court for defendant Roy Miller, in an action for violation of a city ordinance.

DEMURRER TO PLAINTIFF'S AFFIDAVIT SUSTAINED, alternate writ quashed, and PROCEEDINGS DISMISSED.

*George Christensen,* of Price, for plaintiff.

*L. A. McGee,* of Price, for defendants.

---

[2] *Golding* v. *Jennings,* 1 Utah, 135; *State* v. *Olsen,* 39 Utah, 177, 115 Pac. 968.

CHERRY, J.

This is an application for a writ of mandate to Hon. Dilworth Woolley, as judge of the district court of Emery ·county, Utah, requiring him to reinstate and assume jurisdiction of an appeal from a city justice's court, which was dismissed in the district court. .Responding to an alternative writ, the defendant has demurred to the plaintiff's affidavit or application.

The plaintiff's affidavit alleges, in substance, as follows: That on May 31, 1922, in an action pending in the city justice's court of Castle Dale City, for the violation of a city ordinance prosecuted by Castle Dale City against Roy Miller, defendant, the justice of the peace, after impaneling a jury, on motion of defendant, made an order directing the jury to find a verdict of not guilty, upon the grounds that the ordinance under which he defendant was charged had not been legally published and was invalid ·and void; that the verdict of not guilty was thereupon rendered by the jury, and the defendant was by the court ordered discharged. That within 30 days thereafter the plaintiff, Castle Dale City, served on defendant's attorney and filed a notice of appeal, stating that the plaintiff "appeals to the Seventh judicial district court of the state of Utah, in and for Emery county, from the judgment rendered in the said justice's court of Castle Dale City, a municipal corporation, on the 31st day· of May, 1922, in favor of the defendant Roy Miller and against the plaintiff in the said action and from the whole thereof, and particularly from the part thereof which affects the validity of the revised ordinances of Castle Dale City, 1921." That the district court, on motion of the defendant, dismissed plaintiff's appeal on the grounds that "no appeal can be taken by the city in a criminal case, and the court was therefore without jurisdiction to entertain the appeal." That the plaintiff has no speedy, plain, or adequate remedy in the ordinary course of law, and that the validity of the revised ordinances of plaintiff city is involved in the action.

The sole question presented is whether a city has a right of appeal to the district court from a judgment of the city justice's court against it, in an action for the violation of its city ordinances. If such an appeal lies, the district court had jurisdiction of the appeal and wrongfully dismissed the same. If the plaintiff has no such appeal the district court properly dismissed the same, and the writ of mandate applied for should be denied.

It seems clear that the Legislature intended that there should be no such appeal by the city in a criminal case. An action prosecuted by a city for violation 1 of a city ordinance is a criminal case. *Salt Lake City* v. *Reed*, 1 Utah, 183; *Salt Lake City* v. *Robinson*, 39 Utah, 260, 116 Pac. 442, 35 L. R. A. (N. S.) 610, Ann. Cas. 1913E, 61.

Comp. Laws Utah 1917, § 631, provides as follows:

"* * * From all final judgments of a city or town justice's court an appeal may be taken by either party in a civil case, or by the defendant in a criminal case, to the district court of the county, in the manner provided by law for appeals from justices' courts in similar cases."

It is to be noted that the state is given no right of appeal by statute in a criminal action from a judgment in a justice's court to the district court. Comp. Laws Utah 1917, §§ 9455-9457. It is practically conceded that the foregoing provisions of the statute do not authorize the appeal, but it is contended in behalf of the plaintiff that the right 2 is conferred by Comp. Laws Utah 1917, § 9208, by the Constitution, art. 8, § 9, and by Comp. Laws Utah 1917, § 1668. Comp. Laws Utah 1917, sec. 9208, is as follows:

"An appeal may be taken by the state: 1. From a judgment for the defendant on a demurrer to the information or indictment; 2. from an order arresting judgment; 3. from an order made after judgment affecting the substantial rights of the state; 4. from an order of the court directing the jury to find for the defendant."

This provision of the statute relates only to appeals to the Supreme Court, and authorizes an appeal by the state only: This statute does not grant the same right to municipalities. (*Oklahoma City* v. *Tucker*, 11 Okl. Cr. 266, 145 Pac. 757,

Ann. Cas. 1917D, 984; *City of Salina* v. *Wait*, 56 Kan. 283, 43 Pac. 255; *City of Water Valley* v. *Davis*, 73 Miss. 521, 19 South. 235), nor to an appeal from a justice's court (*City of Portland* v. *Erickson*, 39 Or. 1, 62 Pac. 753).

Constitution of Utah, art. 8, § 9, provides:

"* * * Appeals shall also lie from the final judgment of justices of the peace in civil and criminal cases to the district courts on both questions of law and fact, with such limitations and restrictions as shall be provided by law; and the decision of the district courts on such appeals shall be final, except in cases involving the validity or constitutionality of a statute."

Comp. Laws Utah, 1917, § 1668, is a repetition of the constitutional provision above quoted and presents no separate factor in this discussion. So the question is limited to this inquiry: Does the Constitution authorize the right of appeal claimed by plaintiff?

It is fundamental that the right of appeal is purely statutory and exists only when given by some constitutional or statutory provision, and when given it cannot be extended to cases that do not come within the provisions of the Constitution or statute conferring such right. *Golding* v. *Jennings*, 1 Utah, 135; *State* v. *Olsen*, 39 Utah, 177, 115 Pac. 968. The section of the Constitution relied upon is general in its terms and says nothing as to the party by whom the appeal may be taken. If it confers upon the prosecution in criminal cases the right of appeal, it does so by virtue of general terms and not by express provision.

Appeals by the prosecution from judgments in favor of accused persons are generally inconsistent with our legal system, and it has been held by the highest authority that such appeals do not lie except under and in accordance with express statutes.

In *United States* v. *Sanges*, 144 U. S. 310, 12 Sup. Ct. 609, 36 L. Ed. 445, decided in 1892, the right of the United States to a writ of error in a criminal case, by virtue of a general provision by which "appeals or writs of error may be taken from the district courts or from the existing circuit courts direct to the Supreme Court", "in any case that involves the construction or application of the Constitution

of the United States'' was decided adversely to the government. In the course of the opinion, Mr. Justice Gray said, in part:

"This statute, like all acts of Congress, and even the Constitution itself, is to be read in the light of the common law, from which our system of jurisprudence is derived. [Citing cases.] As aids, therefore, in its interpretation, we naturally turn to the decisions in England and in the several states of the Union, whose laws have the same source. * * * "And from the time of Lord Hale to that of Chadwick's Case, just cited, the text-books, with hardly an exception, either assume or assert that the defendant (or his representative) is the only party who can have either a new trial or a writ of error in a criminal case; and that a judgment in his favor is final and conclusive. * * * But whatever may have been, or may be, the law of England upon that question, it is settled by an overwhelming weight of American authority, that the state has no right to sue out a writ of error upon a judgment in favor of the defendant in a criminal case, except under and in accordance with express statutes, whether that judgment was rendered upon a verdict of acquittal or upon the determination by the court of a question of law. In a few states, decisions denying a writ of error to the state, after judgment for the defendant on a verdict of acquittal, have proceeded upon the ground that to grant it would be to put him twice in jeopardy, in violation of a constitutional provision. * * * But the courts of many states, including some of great authority, have denied, upon broader grounds, the right of the state to bring a writ of error in any criminal case whatever, even when the discharge of the defendant was upon the decision of an issue of law by the court, as on demurrer to the indictment, motion to quash, special verdict, or motion in arrest of judgment. * * *

"The provision of section 6, giving the Circuit Court of Appeals in general terms appellate jurisdiction of criminal cases, says nothing as to the party by whom the writ of error may be brought, and cannot therefore be presumed to have been intended to confer upon the government the right to bring it. In none of the provisions of this act, defining the appellate jurisdiction, either of this court, or of the Circuit Court of Appeals, is there any indication of an intention to confer upon the United States the right to bring up a criminal case of any grade after judgment below in favor of the defendant. It is impossible to presume an intention on the part of Congress to make so serious and far-reaching an innovation in the criminal jurisprudence of the United States."

In *City of Portland* v. *Erickson,* supra, it was held that neither an appeal nor writ of review would lie in favor of the city or the state ''unless expressly provided for by the

Legislature"; and that a statute providing that "any party to any process or proceeding before or by an inferior court, officer or tribunal may have the decision or determination thereof reviewed" could not be construed as giving the state the right to review proceedings in a criminal action. Mr. Justice Wolverton, in the course of the opinion, after quoting from the opinion of Mr. Justice Gray in *United States* v. *Sanges*, supra, says:

"The federal statute under discussion in that case was quite as general as our own allowing the writ of review, * * * and yet it was determined that the writ of error does not lie in behalf of the United States, in a criminal case which involves a construction of the Constitution."

To the same effect is *Oklahoma City* v. *Tucker*, supra.

In the following cases the right of a municipality to appeal from a judgment for the defendant in a criminal action for the violation of a city ordinance was denied: *City of Hudson* v. *Granger*, 23 Misc. Rep. 401, 52 N. Y. Supp. 9; *City of St. Paul* v. *Stamm*, 106 Minn. 81, 118 N. W. 154; *Town of Brighton* v. *Miles*, 153 Ala. 673, 45 South. 160; *Hawkinsville* v. *Ethridge*, 96 Ga. 326, 22 S. E. 985; *City of Salina* v. *Wait*, 56 Kan. 283, 43 Pac. 255; *Northville* v. *Westfall*, 75 Mich. 603, 42 N. W. 1068; *City of Water Valley* v. *Davis*, 73 Miss. 521, 19 South, 235; *Town of Phillipi* v. *Kittle*, 56 W. Va. 348, 49 S. E. 238; *Platteville* v. *McKernan*, 54 Wis. 487, 11 N. W. 798; *City of Sheridan* v. *Cadle*, 24 Wyo. 293, 157 Pac. 892.

The cases allowing such appeals are based upon the theory that the prosecution for the violation of a city ordinance is a civil action (*Durango* v. *Reinsberg*, 16 Colo. 327, 26 Pac. 820; *Knowles* v. *Wayne City*, 31 Ill. App. 471; *St. Louis* v. *Bender*, 248 Mo. 113, 154 S. W. 88; *State* v. *Rouch*, 47 Ohio St. 478, 25 N. E. 59), or that there is express statutory authority for the appeal (*Burlington* v. *Unterkircher*, 99 Iowa, 401, 68 N. W. 795, and *Keiper* v. *Louisville*, 152 Ky. 691, 154 S. W. 18.

The rule is firmly established that the right of the prosecution in a criminal case to appeal from a judgment in favor of the accused must be expressly provided for

and is not conferred by general provisions of statutes or Constitutions. We therefore hold that neither the Constitution nor statutes of this state authorize a city to appeal from a judgment of the city justice's court in favor of the defendant, to the district court, in a criminal case for the violation of a city ordinance.

The district court properly dismissed the plaintiff's appeal.

The demurrer to the plaintiff's affidavit is sustained, the alternative writ is quashed, and the proceedings dismissed.

WEBER, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.